UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COEN MCGARITY,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>    Defendant. | Case No. 25-10320<br>Honorable Laurie J. Michelson |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE OR AMEND THE SETTLEMENT AGREEMENT [12]**

Coen McGarity brought this lawsuit alleging that Trans Union, LLC, violated the Fair Credit Reporting Act by failing to remove certain unauthorized inquiries and accounts from his credit report. (*See* ECF No. 1, PageID.9–13.) In February of 2025, however, the parties were able to reach a resolution and entered into a settlement agreement by which Trans Union agreed to remove the disputed accounts from McGarity's credit report. (*See* ECF No. 13-2.) Subsequently, the parties submitted a stipulation of dismissal (ECF No. 10) and the Court entered an order dismissing the case with prejudice (ECF No. 11).

Now before the Court is McGarity's motion to strike, or in the alternative, amend the settlement agreement. (ECF No. 12.) He takes issue with paragraph 11 of the agreement which provides that Trans Union "may suppress his Trans Union credit file, in full or in part" and "the suppression of his Trans Union credit file, or any resulting consequence thereof, will not provide the basis for any future claims

against Trans Union." (ECF No. 13-2, PageID.93.)[1] This provision, he explains, has made it more challenging for him to apply for new lines of credit because his Trans Union "credit file was suppressed, and potential creditors [are] not able to access his credit report." (*Id.* at PageID.64.)

The issue for this Court is whether it has jurisdiction to enforce the parties' settlement agreement. Indeed, when a district court enforces "a settlement agreement that produced the dismissal of an earlier federal suit, [it] adjudicates a breach-of-contract controversy distinct from the dismissed suit." *Limbright v. Hofmeister,* 566 F.3d 672, 674 (6th Cir. 2009) (citing *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 378 (1994)). Thus, "[e]nforcement of the settlement agreement . . . requires its own basis for jurisdiction." *Kokkonen,* 511 U.S. at 378. That means that "a district court may not enforce a Settlement Agreement

---

[1] While it is not entirely clear what McGarity's argument is for why this provision of the settlement agreement is unenforceable, it would seem he is suggesting that he did not knowingly sign this version of the settlement agreement. He provides two emails, which he claims are from February 13, 2025, and March 13, 2025. (ECF No. 12, PageID.63–64.) The March email, he alleges, had a different version of the settlement agreement attached which did not contain the suppression provision in paragraph 11.

But, as Trans Union highlights, the second email McGarity references is actually from March 13, 2024 (*see* ECF No. 12-3, PageID.76)—a whole year before this dispute—and represents *different* correspondences about a *different* case resolved by a *different* settlement agreement entirely. (ECF No. 13, PageID.83 ("While Plaintiff's Exhibit A is factually correct, Exhibit B is provided in an improper attempt to mislead the Court. Exhibit B is a 2024 email and attached settlement agreement related to Plaintiff's litigation in a prior matter before this Court, *McGarity v. Trans Union, LLC*, Case No. [23-13235], and not this matter.").) The emails Trans Union attaches to its response brief confirm that McGarity was aware of and signed a version of the settlement agreement containing the suppression provision in paragraph 11. (ECF No. 13-2, 13-3.)

2

unless the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000).

Here, the Court's order of dismissal did not expressly retain jurisdiction to enforce the settlement agreement. (*See* ECF No. 11.) Trans Union recognizes as much, but nevertheless argues that "courts . . . have also held that when the parties agree to a dismissal, 'the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree.'" (ECF No. 13, PageID.83 n.1 (quoting *Kokkonen*, 511 U.S. at 375).) And that "Trans Union is not objecting to this Court resolving Plaintiff's improper and untruthful Motion pending before it." (*Id.*)

Trans Union misapplies *Kokkonen*. True, the Supreme Court ruled that lower courts *can* maintain jurisdiction over a settlement agreement by "embody[ing] the settlement contract in its dismissal order" "if the parties agree" to incorporate such language. *Kokkonen,* 511 U.S. at 381–82. Likewise, the Sixth Circuit has found that a court *can* maintain jurisdiction over the settlement agreement if its dismissal order "incorporate[d] the entire settlement agreement" and "made the dismissal subject to all of [its] terms and conditions." *Limbright*, 553 F. Supp. 2d at 891–92. But here, the Court did neither. Its order of dismissal made no reference to the parties' settlement agreement. Nor was the order subject to the "terms and conditions" of the settlement agreement or embody the settlement contract in any other way.

3

That leaves the question of whether there is any other "independent ground upon which to base federal jurisdiction"—i.e., whether the Court has diversity jurisdiction over this breach of contract dispute. *Columbus-America Discovery Group*, 203 F.3d at 299; *see Universal Surety of America v. Gray*, No. 17-10016, 2018 WL 4901160, at *1 (E.D. Mich. Oct. 9, 2018). The Court finds that the answer to that question is no. The parties never pled diversity jurisdiction. And the parties make no showing that the amount in controversy exceeds $75,000. (*See* ECF No. 1, PageID.9–13.)

Accordingly, because the Court lacks jurisdiction to enforce the parties' settlement agreement, McGarity's motion to strike or amend the settlement agreement is DENIED.

IT IS SO ORDERED.

Dated: July 9, 2025

>　　　　　　　　　　　　　　s/Laurie J. Michelson
>　　　　　　　　　　　　　　LAURIE J. MICHELSON
>　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE